FILED
MAR 24 2008
USDC WP SDNY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILLIAM JENNINGS GOLSTON, On Behalf of Himself and All Others Similarly Situated,

Plaintiff,

vs.

ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. KACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC, ,

Defendants.

Civ. No.

ECF Case

CLASS ACTION

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

DEMAND FOR JURY TRIAL

08 CIV. 2984

Plaintiff, William Jennings Golston, individually and on behalf of all other persons and entities similarly situated, by his undersigned attorneys, for his complaint against the above-captioned defendants, alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, based upon, *inter alia,* the investigation made by and through his attorneys, which investigation included, among other things, a review of the public documents, Securities and Exchange Commission ("SEC") filings, analyst reports, news releases and media reports concerning Orion Energy Systems, Inc. ("Orion or the "Company"), as follows:

## NATURE OF THE ACTION

1. This is a federal class action on behalf of purchasers of the common stock of Orion, who purchased or otherwise acquired Orion common stock on or before February 6, 2008

issued pursuant or traceable to the Company's December 12, 2007 registration statement (the "Registration Statement") filed with the SEC for its December 18, 2007 Initial Public Offering (the "IPO" or the "Offering"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

4. Venue is proper in this District pursuant to Section 22 of the Securities Act. Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District. Moreover, Orion actively trades on the NASDAQ which is headquartered in this District. Additionally, Defendants Thomas Weisel Partners, LLC, Canaccord Adams, Inc. and Pacific Growth Equities, LLC each maintain offices in this District at 390 Park Avenue, New York, NY 10022, 535 Madison Avenue, New York, NY 10022, and 641 Lexington Avenue, New York, NY 10022, respectively. Further, Clean Technology Fund II, a selling shareholder controlled by Defendant Propper de Callejon (an Orion director) maintains its principal executive office in this District at 90 Park Avenue, New York, NY 10016.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, William Jennings Golston, purchased Orion common stock during the Class Period, as set forth in the certification attached hereto and incorporated herein by reference, and was damaged thereby.

7. Defendant Orion Energy Systems, Inc. is a Wisconsin corporation with its principal executive offices located at 1204 Pilgrim Road, Plymouth, Wisconsin. Orion is a power technology enterprise that designs, manufactures and implements energy management systems, consisting primarily of high-performance, energy efficient lighting systems, controls and related services, for commercial and industrial customers.

8. Defendant Neal R. Verfuerth ("Verfuerth") was, at all relevant times, the Company's President and Chief Executive Officer ("CEO). Verfuerth signed the Registration Statement for the IPO. In the IPO, defendant Verfuerth and his spouse sold 606,510 Orion shares for gross proceeds of approximately $7.8 million.

9. Defendant Daniel J. Waibel ("Waibel") was, at all relevant times, the Company's Chief Financial Officer ("CFO") and Treasurer. He signed the Registration Statement for the IPO.

10. Defendant Thomas A. Quadracci ("Quadracci") was, at all relevant times, a member of the Board of Directors. Verfuerth signed the Registration Statement on behalf of Quadracci as "Attorney In Fact."

11. Defendant Michael J. Potts ("Potts") was, at all relevant times, a member of the Company's Board of Directors. Verfuerth signed the Registration Statement on behalf of Potts as "Attorney In Fact." In addition, Potts sold 80,698 shares in the IPO, for gross proceeds of approximately $1 million.

12. Defendant Diana Propper de Callejon ("de Callejon") was, at all relevant times, a director of the Company and a managing member of parent companies of Clean Technology Fund, II ("Clean Technology"), an Orion shareholder. Verfuerth signed the Registration Statement on behalf of de Callejon as "Attorney In Fact."In the IPO, Clean Technology and de Callejon sold over 1 million Orion shares, approximately on-third of their pre-IPO holdings, for gross proceeds in excess of $13 million.

13. Defendant Patrick J. Trotter ("Trotter") was, at all relevant times, a member of the Company's Board of Directors. Verfuerth signed the Registration Statement on behalf of Trotter as "Attorney In Fact." Trotter sold 51,479 shares in the IPO, for gross proceeds of approximately $650,000.

14. Defendant James R. Kackley ("Kackley") was, at all relevant times, a member of the Company's Board of Directors. Verfuerth signed the Registration Statement on behalf of Kackley as "Attorney In Fact."

15. Defendant Eckhart G. Grohmann ("Grohmann") was, at all relevant times, a member of the Company's Board of Directors. Verfuerth signed the Registration Statement on behalf of Grohmann as "Attorney In Fact."

16. Defendants Verfuerth, Waibel, Quadracci, Potts, de Callejon, Kackley, Grohmann and Trotter are collectively referred to hereinafter as the "Individual Defendants."

17. Defendant Thomas Weisel Partners, LLC ("Thomas Weisel") acted as lead underwriter for Orion's IPO, and sold at least 4,038,461 shares of Orion stock issued pursuant to the Registration Statement,

18. Defendant Canaccord Adams, Inc. ("Canaccord Adams") acted as one of the underwriters for Orion's IPO and sold at least 2,115,385 shares .of Orion stock issued pursuant to the Registration Statement.

19. Pacific Growth Equities, LLC ("Pacific Growth") acted as one of the underwriters for Orion's IPO and sold at least 1,538,462 shares .of Orion stock issued pursuant to the Registration Statement.

20. Defendants Thomas Weisel, Canaccord Adams and Pacific Growth are collectively referred to hereinafter as the "Underwriter Defendants."

**SUBSTANTIVE ALLEGATIONS**

21. On December 18, 2007, the Company conducted its IPO pursuant to the Registratin Statement and a prospectus dated December 18, 2007 and filed with the SEC on Decmeber 19, 2007 (the "Prospectus"). The IPO was a financial success for the Company, as it was able to raise approximately $100 million by selling 7.69 million shares of its stock to the public at a price of $13 per share. In connection with the IPO, insiders sold significant numbers of shares of their stock. As described above, this included Defendant Verfuerth and his family selling 606,510 shares for gross proceeds of over $7.8 million; Defendant de Callejon selling 1,009,091 shares for gross proceeds of over $13 million; Defendant Potts selling 80,698 shares for gross proceeds of over $1 million; and Defendant Trotter selling 51,479 shares for gross proceeds of nearly $670,000.

22. The Registration Statement and Prospectus described the Company's "core" business as follows:

> We design, manufacture and implement energy management systems consisting primarily of high-performance, energy efficient lighting systems, controls and related services. Our energy management systems deliver energy savings and efficiency gains to our commercial and industrial customers without

compromising their quantity or quality of light. The core of our energy management system is our HIF [High Intensity Fluorescent] lighting system that we estimate cut our customers' lighting-related electricity costs by approximately 50%, while increasing their quantity of light by approximately 50% and improving lighting quality when replacing HID [High Intensity Discharge] fixtures. Our customers typically realize a two-to three -year payback period from electricity cost savings generated by our HIF lighting systems without considering utility incentives or government subsidies. We have sold and installed our HIF fixtures in over 2,100 facilities across North America, representing over 489 million square feet of commercial and industrial building space, including for 78 Fortune 500 companies, such as Coca-Cola Enterprises Inc., General Electric Co., Kraft Foods Inc., Newell Rubbermaid Inc., OfficeMax, Inc., SYSCO Corp., and Toyota Motor Corp.

Our energy management system is comprised of: our HIF lighting system; our InteLite intelligent lighting controls; our Apollo Light Pipe, which collects and focuses daylight and consumes no electricity; and integrated energy management services. We believe that the implementation of our complete energy management system enables our customers to further reduce electricity costs, while permanently reducing base and peak load electricity demand. From December 1, 2001 through September 30, 2007, we have installed over 970,000 HIF lighting systems for our commercial and industrial customers. We are focused on leveraging this installed base to expand our customer relationships from single-site implementations of our HIF lighting systems to enterprise-wide roll-outs of our complete energy management system. We are also expanding our customer base by executing our systematized, multi-step sales process.

23. With respect to the Company's "Growth Strategies", the Registration Statement and Prospectus stated in relevant part:

***Our Growth Strategies***

Leverage Existing Customer Base. We are expanding our relationships with our existing customers by transitioning from single-site facility implementations to comprehensive enterprise-wide roll-outs of our HIF lighting systems. For the quarter ended as of September 30, 2007, we had completed or were in the process of completing retrofits at over 100 facilities for our top five customers by revenue for that quarter. We also intend to leverage our large installed base of HIF lighting systems to implement all aspects of our energy management system for our existing customers.

* * *

Develop New Sources of Revenue. We recently introduced our InteLite and Apollo Light Pipe products <u>to complement</u> our core HIF lighting systems. We are

> continuing to develop new energy management products and services that can be utilized in connection with our current products, including intelligent HVAC integration controls, direct solar solutions, comprehensive lighting management software and controls and additional consulting services.

Emphasis added.

## THE TRUTH REVEALED

24. After the close of the market on February 6, 2008 -- less than seven weeks after the IPO -- Orion held a conference call with analysts to discuss the Company's financial results for its third quarter ended December 31, 2007. On the call, Orion shocked analysts when they guided analysts to expect that revenues for the upcoming fourth quarter ending March 31, 2008 would be down sequentially from Orion's third quarter by as much as 14 percent.

25. In response to that revelation, analysts peppered defendants Verfuerth and Waibel to explain this surprise downturn in revenues. Defendants gave what one analyst characterized in a follow-on report as "evasive" and "confusing" answers to these questions but admitted that rather than utilizing the InteLite and Appollo Light products "to complement" it core HIF lighting systems, the Company was having to "aggressively" shift its focus from its core product and retrain its sales force market an early deployment of its Phase 2 and Phase 3 products -- InteLite/wireless controls and Apollo Light Pipes, respectively -- products for which the Company (and analysts) had no experience with in terms of market acceptance.

26. Upon the disclosure of these facts, shares of the Company's stock declined $6.39 per share, or 42.89 percent, from $14.90 to close on February 7, 2008 at $8.51 per share, on unusually heavy trading volume of approximately 4.7 million shares.

27. In addition, on February 7, 2008, Thomas Weisel issued a security analyst report based upon information provided by Orion management in which it reported that management

indicated that the sequential decline in revenue was partly due a major "retooling" of Orion's factory that began prior to the IPO.

28. The statements described at ¶¶ 22-23 in the Registration Statement and Prospectus were materially false and misleading because they failed to disclose that Orion was having to rapidly shift its focus from its core product of HIF lighting systems to its new Phase 2 and Phase 3 products which were untested in the marketplace. The Registration Statement and Prospectus also failed to disclose that as a result of this shift in focus, Orion's revenues would be negatively impacted by having to retrain its sales force to market these new products. Lastly, the Registration Statement and Prospectus failed to disclose that well before the IPO, the Company had commenced a major factory upgrade which would materially and adversely impact revenues, at a minimum, in Orion's fourth quarter.

29. As a result of these material misrepresentations and omissions, Defendants also violated Item 303 of Regulation S-K of the Securities Act requiring, among other things, that a registrant "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations" in a registration statement.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of itself and all persons and entities other than defendants who purchased or otherwise acquired the common stock of Orion between December 18, 2007 and February 6, 2008, inclusive, pursuant or traceable to the Registration Statement, and who were damaged thereby (the "Class"). Excluded from the Class are defendants herein, members of the immediate family of each of the Individual Defendants, any person, firm, trust,

corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

31. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Orion's common stock was actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Orion or its transfer agent, and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions..

32. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether defendants engaged in acts or conduct in violation of the securities laws as alleged herein;

(b) Whether the Registration Statement misstated or omitted material facts;

(c) Whether Individual Defendants are control persons within the meaning of Section 15 of the Act, 15 U.S.C. § 77o; and

(d) Whether members of the Class have sustained damages and, if so, the proper measure of damages.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impractical. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**FIRST CLAIM FOR RELIEF**

**For Violations of Section 11 of the Securities Act Against All Defendants**

36. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

37. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein however, that such allegations do not allege fraud, scienter or the intent of the defendants to defraud Plaintiff or members of the Class.

38. The Registration Statement and Prospectus was materially false and misleading; contained untrue statements of material fact; omitted to state material facts necessary to make the statements made in the Registration Statement, under the circumstances in which they were made, not misleading; and failed to disclose material facts, as described above.

39. Orion is the registrant for the IPO and filed the Registration Statement and Prospectus as the issuer of the common stock purchased by Plaintiff and the members of the Class, as defined in Section 11(a)(5) of the Securities Act. As issuer, Orion is strictly liable to Plaintiff and the members of the Class who purchased Orion common stock issued pursuant to or

traceable to the Registration Statement and Prospectus for the misstatements in, and the omissions from, the Registration Statement and Prospectus.

40. Orion, the Individual Defendants and the Underwriter Defendants were responsible for the contents of the Registration Statement and Prospectus and caused its filing with the SEC.

41. Each Individual Defendant signed the Registration Statement, or was a Director of the Board of Orion at the time of the filing of the Registration Statement and Prospectus with the SEC.

42. The Individual Defendants, as signatories of the Registration Statement, as directors and/or officers of Orion and controlling persons of the issuer, owed to the holders of the stock obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and the Prospectus at the time they became effective to ensure that such statements were true and correct, and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. The Individual Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement and Prospectus as set forth herein. As such, defendants are liable to the Class.

43. The Underwriter Defendants were underwriters of the common stock sold in the IPO within the meaning of the Securities Act. Those underwriters owned and sold the common stock issued in the IPO under a firm underwriting agreement.

44. The Underwriter Defendants owed to the holders of the stock obtained through the Registration Statement and the Prospectus the duty to make a reasonable and diligent

investigation of the statements contained therein at the time the Registration Statement became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. The Underwriter Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement and Prospectus as set forth herein. As such, the Underwriter Defendants are liable to the Class.

45. None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

46. Plaintiff and the members of the Class purchased Orion common stock issued pursuant to or traceable to the Registration Statement prior to the date Orion made generally available to its securities holders an earnings statement covering a period of at least 12 months beginning after the effective date of the Registration Statement.

47. At the time they purchased Orion common stock, neither Plaintiff nor any member of the Class knew, or by the reasonable exercise of care could have known, of the facts concerning the inaccurate and misleading statements and omissions alleged herein.

48. In connection with the IPO and sale of Orion common stock, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce and the United States Mails.

49. This action was brought within one year after the discovery of the untrue statements and omissions and within three years after Limelight common stock was sold to the public in the IPO.

50. By reason of the foregoing, the defendants named in this count have violated Section 11 of the Securities Act and are liable to Plaintiff and the members of the Class, each of whom has been damaged by reason of such violations, as measured by the provisions of Section 11(e), from the defendants and each of them, jointly and severally.

**SECOND CLAIM FOR RELIEF**

**For Violations of Section 15 of the Securities Act Against The Individual Defendants**

51. Plaintiff repeats and realleges each and every allegation contained above.

52. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

53. Orion violated Section 11 of the Securities Act.

54. The Individual Defendants, by virtue of their stock ownership, offices, directorships and specific acts were, at the time of the wrongs alleged herein and as set forth herein, each a controlling person of Orion. As signatories to the Registration Statement as well as their positions with Orion, the Individual Defendants had the power and influence and exercised the same to cause Orion to disseminate a materially false and misleading Registration Statement and Prospectus for the IPO.

55. As signatories to the Registration Statement and as officers and/or directors of Orion, each Individual Defendant was provided with drafts of the Registration Statement and Prospectus and had the ability and opportunity to prevent their issuance or cause them to be corrected before they were filed with the SEC and disseminated to investors.

56. By virtue of the conduct alleged herein, the Individual Defendants have violated Section 15 of the Securities Act and are liable to the Plaintiff and the Class for damages.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as class counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED: March 21, 2008

KLAFTER & OLSEN LLP

JEFFREY A. KLAFTER (JK-0953)
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
Tel: (914) 997-5656
Fax: (914) 997-2444

KLAFTER & OLSEN LLP
KURT B. OLSEN
1250 Connecticut Ave., N.W., Suite 200
Washington, DC  20036
Tel: (202) 261-3553
Fax: (202) 261-3533

Attorneys for Plaintiff

**ORION ENERGY SYSTEMS, INC.**
**CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS**

William Jennings Golston ("Plaintiff") duly swears and says, as to the claims asserted under the federal securities laws, that:

1. I have retained Klafter & Olsen LLP as my counsel, reviewed the complaint, and authorized the filing of a substantially similar complaint on my behalf. I understand that Klafter & Olsen LLP may join with other qualified counsel to prosecute this case.

2. The security that is the subject of this action was not purchased at the direction of plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. The transactions in the security that is the subject of this action during the Class Period are as follows:

| Date | Number of Shares Purchased | Price Per Share |
|---|---|---|
| 10/28/07 | 10 | $19.50 |
| 01/03/08 | 5 | $19.85 |

| Date | Number of Shares Sold | Price Per Share |
|---|---|---|

5. Plaintiff has not sought to serve as a class representative in more than five class actions filed under the securities laws in the last three (3) years. Other than this action, Plaintiff has sought to be appointed a lead plaintiff in the following action(s):

| Action | Date |
| --- | --- |
| N/A | N/A |

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the Court for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct. Executed this 18th day of March 2008, at Providence Village, TX

[signature]

Plaintiff's signature